

FILED
NOV 14 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANELLE JANSEN, | * | CIV 13-4068-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| THE LINCOLN FINANCIAL GROUP, | * | OPINION AND ORDER |
| THE LINCOLN NATIONAL LIFE | * | REGARDING MOTION TO |
| INSURANCE COMPANY, GROUP | * | DISMISS AND PROPOSED |
| LONG TERM DISABILITY | * | AMENDED COMPLAINT |
| INSURANCE FOR THE EMPLOYEES | * | |
| OF THE MINUTE CLINIC GROUP OF | * | |
| EMPLOYERS, and THE MINUTE | * | |
| CLINIC GROUP OF EMPLOYERS, | * | |
| | * | |
| Defendants. | * | |

## I. INTRODUCTION

Plaintiff Janelle Jansen ("Jansen") filed a Complaint, Doc. 1, against Defendants the Lincoln Financial Group, the Lincoln National Life Insurance Company, Group Long Term Disability Insurance for the Employees of the Minute Clinic Group of Employers, and the Minute Clinic Group of Employers (collectively "Defendants"). Defendants filed a Motion to Dismiss, Doc. 5, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted arguing that the claims alleged in the Complaint relate to a plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and therefore are preempted by ERISA's exclusive avenues for recovery. Doc. 6 at 1-2. The Motion to Dismiss also requested that this Court order Jansen to re-plead her claims to allege a cause of action under ERISA. Doc. 6 at 5.

Jansen opposed the Motion to Dismiss, Doc. 7, and attached a proposed Amended Complaint, Doc. 7-1. Defendants objected to the filing of the proposed Amended Complaint

because it still contained claims, including a tort claim, that are preempted by ERISA. Doc. 10 at 1. Defendants argued that amendment would be futile because even the Amended Complaint would be subject to dismissal. Doc. 10 at 1. Jansen then filed a proposed Second Amended Complaint, Doc. 11-1, which deleted the tort claim and cast the contract claim as an ERISA-governed claim. Doc. 11-1. Because the proposed Second Amended Complaint appears to state only an ERISA-governed claim, this Court grants Jansen leave to serve and file the Second Amended Complaint and denies Defendants' Motion to Dismiss as moot.

## II. BACKGROUND

According to her Complaint, Jansen was an employee of the Minute Clinic, which is based in Minnesota, while she resided in South Dakota. Doc. 1 at ¶¶ 2, 8, 12. Through her employment, Jansen participated in the Minute Clinic's Long-Term Disability Plan ("the Plan")[1] that was obtained through Defendants. Doc. 1 at ¶¶ 2, 3, 12.

Jansen's original Complaint first stated that it was a civil enforcement action brought pursuant to ERISA seeking to establish her right to benefits under an ERISA-governed plan in which she participated. Doc. 1 at ¶ 1. She alleged that plan administrators wrongfully denied her long-term benefits that she was entitled to under the Plan. Doc. 1 at ¶¶ 8-9. The original Complaint, however, contained two additional claims: (1) a "contract claim" and (2) a "tort claim." Doc. 1 at 3-4. The "contract claim" alleged that Jansen purchased the Plan, she became disabled and unable to work, and that Defendants violated the contract—the Plan—by discontinuing her long-term disability coverage. Doc. 1 at ¶¶ 16-26. Defendants' failure to pay

---

[1] The Plan's full title is the Group Long Term Disability Insurance for Employees of the Minute Clinic Group of Employers. Doc. 1 at ¶ 4.

pursuant to the contract, Jansen alleged, was "vexatious and without reasonable cause, entitling Plaintiff to attorney's fees pursuant to SDCL 58-12-3 ERISA." Doc. 1 at ¶ 27. Jansen's "contract claim" sought the monthly payments wrongfully withheld, future payments, and attorney's fees. Doc. 1 at 4-5. Jansen's tort claim alleged that the Defendants denied Jansen her benefits in "bad faith." Doc. 1 at ¶ 29. Jansen's "tort claim" then sought to recoup an amount equaling "past payments due [to] the Plaintiff plus present value of all future payments due [to] the Plaintiff[,] . . . punitive and exemplary damages in an amount equal to 1% of the assets" of Defendants, and costs, interest, and any additional relief the court deems appropriate. Doc. 1 at 4-5.

Defendants moved to dismiss arguing that Jansen's contract and tort claims were preempted by ERISA. Doc. 6 at 1. Defendants requested that Jansen be ordered to amend her Complaint to seek relief only under ERISA. Doc. 6 at 5. Jansen resisted the Motion to Dismiss and attached a proposed Amended Complaint to her response to the Defendants' Motion to Dismiss. Doc. 7; Doc. 7-1. Jansen's Amended Complaint clarified that the "contract claim" was "governed by ERISA 29 U.S.C[.] § 1003" and was brought to recover wrongfully withheld plan benefits. Doc. 7-1 at 3-6. The proposed Amended Complaint retained the "tort claim" alleging "bad faith" but citing ERISA's civil enforcement provision as its source. Doc. 7-1 at 5. Curiously, Jansen did not file a separate motion for leave to amend under Rules 7(b) and 15(a) of the Federal Rules of Civil Procedure, but it is clear that Jansen wished to amend her Complaint.

Defendants filed a brief in response to Jansen's opposition and Amended Complaint arguing that dismissal of any claim that was not brought pursuant to ERISA was required and

3

objected to the Amended Complaint. Doc. 10 at 1. Defendants' position was:

> Defendants have no objection to the Motion to Amend to the extent it seeks leave to file an amended pleading that states claims for relief under [ERISA], rather than state law. Defendants, however, oppose Jansen's request for leave to file the proposed Amended Complaint [] that includes state law claims and remedies against Defendants because the amendment is futile.

Doc. 10 at 1.

Pursuant to Local Rule 7.1, the briefing schedule was to terminate with Defendants' reply brief. However, after Defendants' reply brief, Jansen filed Plaintiff's Reply to Defendants' Renewed Motion to Dismiss, Doc. 11, and attached to that document her proposed Second Amended Complaint, Doc. 11-1. Again, Jansen did not file a separate motion to amend complaint under Rules 7(b) and 15(a) of the Federal Rules of Civil Procedure, but her intentions to seek leave to amend are obvious here. Her proposed Second Amended Complaint avers that it is a civil enforcement action under ERISA and that its "contract claim" is "governed by ERISA 29 U.S.C[.] § 1003." Doc. 11-1. The proposed Second Amended Complaint omits the "tort claim" and any request for punitive damages. Doc. 11-1. Defendants did not respond, nor were they called upon to do so by the local rules. The Second Amended Complaint fairly can be read as seeking to recover exclusively under ERISA. See Doc. 11-1.

### III. DISCUSSION

A state law is preempted by ERISA if it "relate[s]" to an employee benefit plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (quoting 29 U.S.C. § 1144(a)); see also Parkman v. Prudential Ins. Co. of Am., 439 F.3d 767, 771 (8th Cir. 2006) ("ERISA supercedes 'any and all State laws insofar as they . . . relate to any employee benefit plan.'" (quoting 29

4

U.S.C. § 1144(a))). ERISA's preemption provision is "conspicuous for its breadth," Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A. Inc., 519 U.S. 316, 324 (1997) (quotations marks and citation omitted), "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern,'" Pilot Life Ins., 481 U.S. at 45-46 (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)). A law "relates to" and is therefore preempted by, an ERISA plan if the law "has (1) 'a connection with' or (2) 'reference to such a plan.'" Parkman, 439 F.3d at 771 (quoting Cal. Div. of Labor Standards, 519 U.S. at 324). Courts routinely hold that ERISA preempts state common law contract and tort claims that allege improper processing or wrongful denial of a claim for benefits from an ERISA plan. See e.g., Pilot Life, 481 U.S. at 47 ("There is no dispute that the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause, § 514(a)."); Parkman, 439 F.3d 771-72 (holding that when "the essence of [the Plaintiff's] claim relate to the administration of plan benefits, it falls within the scope of ERISA"); Thompson v. Gencare Health Sys. Inc., 202 F.3d 1072, 1073 (8th Cir. 2000) (per curiam) ("ERISA remedies preempt 'state common law tort and contract actions asserting improper processing of a claim for benefits' under an ERISA plan." (quoting Pilot Life, 481 U.S. at 43)).

Before turning to whether Jansen's claims are preempted, this Court first observes that ERISA applies to this case because the Plan is an ERISA-governed plan. Jansen has acknowledged in her Complaint and proposed Amended Complaints that the Plan is governed by ERISA. Doc. 1 at ¶ 13; Doc. 7-1 at ¶ 13; Doc. 11-1 at ¶ 13.

Jansen's original Complaint referenced ERISA but contained a contract claim and tort

5

claim seeking recovery outside of ERISA. Doc. 1. Jansen's proposed Amended Complaint, Doc. 7-1, stated that it was a civil enforcement action under ERISA, confined the "contract claim" to seek recovery under ERISA, yet still contained the "tort claim." Doc. 7-1. The Second Amended Complaint, Doc. 11-1, stated, as did the previous two complaints, that it was a civil enforcement action, but it excised the "tort claim" and punitive damages request while retaining the "contract claim" with ERISA as its source. Doc. 11-1.

Jansen may seek relief only pursuant to ERISA under the circumstances of this case. The essence of all of Jansen's claims are that she was improperly denied long-term disability benefits under an ERISA-governed plan. Because the "essence of [Jansen's] claims relate to the administration of plan benefits, [the claims] fall within the scope of ERISA." Parkman, 439 F.3d 771-72. Any state law contract or tort claims that she wishes to assert are preempted by ERISA. With that said, this Court understands Jansen's Second Amended Complaint as asserting only an ERISA claim. Thus, there is no need to require Jansen to re-plead her Complaint.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that Jansen is granted leave under Rule 15(a) of the Federal Rules of Civil Procedure to file her Second Amended Complaint and should do so forthwith in the CM/ECF system. It is further

ORDERED that the Defendant's Motion to Dismiss, Doc. 5, is denied as moot in light of the Second Amended Complaint. It is further

ORDERED that Jansen's request to file the Amended Complaint, Doc. 7-1, is denied.

Dated November 14th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE